## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **JOSE EFRAIN MENDOZA** (hereinafter referred to as "Plaintiff") **SEATIDE FISH & LOBSTER INC. and PAUL OLIVERI** (hereinafter "Defendants"), regarding Plaintiff's employment and the settlement of any and all wage-and-hour related claims that Plaintiff has or may have against Defendants.

**WHEREAS**, Plaintiff has commenced an action against Defendants in the Eastern District of New York, United States District Court, bearing Docket No.: **22-CV-5045** alleging wage and hour violations under the Fair Labor Standards Act and New York Labor Law.

**WHEREAS**, Defendants deny that they failed to pay Plaintiff all wages owed to him;

**WHEREAS**, Defendants do not admit any violation of law or any liability to Plaintiff;

**WHEREAS**, Plaintiff and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiff, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

### 1.  Payment

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiff and in consideration for Plaintiff's execution of this Agreement, which includes a release, Defendants agrees to the following payment terms:

a.  Defendants shall cause Plaintiff to be paid the gross sum of One Hundred Ten Thousand Dollars and Zero Cents ($110,000.00) inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. 1st installment: Within thirty (30) days of Court approval of the Settlement Agreement, Defendants shall provide payment in the amount of **Fifty-Five Thousand Dollars ($55,000.00)** by issuing one check payable to Jose Efrain Mendoza in the amount of Thirty-Six Thousand One Hundred Fourteen Dollars and Fifty Cents ($36,114.50) and one check payable to Helen F. Dalton & Associates, P.C. in the amount of Eighteen Thousand Eight Hundred Eighty-Five Dollars and Fifty Cents ($18,885.50).

ii. 2nd installment through 11th installment: Within 30 days of the Payment Due Date in Paragraph 1(a)(i) and continuing every month for ten months, Defendants shall provide payment in the amount of **Five Thousand Five Hundred Dollars ($5,500.00)** by issuing one check payable to Jose Efrain Mendoza in the amount of Three Thousand Six Hundred Eleven Dollars and Forty-Five Cents ($3,611.45) and one check payable to Helen F. Dalton & Associates, P.C. in the amount of One

Thousand Eight Hundred Eighty-Eight Dollars and Fifty-Five Cents ($1,888.55). Defendants shall make the same payment of $5,500.00 for ten consecutive months with the first payment due 30 days after the Payment Due Date in Paragraph 1(a)(i) and each successive payment due 30 days from the prior payment date.

b.  The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

2.  **Confession of Judgment**

a.  Upon signing of this settlement agreement, Defendants shall execute a Confession of Judgment, jointly and severally, in the amount of One Hundred Sixty-Five Thousand Dollars ($165,000.00) (attached hereto as Exhibit A), less 150% of the total amount of any payments made pursuant to this Agreement, and counsel for the Plaintiff, Helen F. Dalton & Associates, P.C., shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 1.

b.  In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiff shall provide ten (10) calendar days written notice to Defendants' counsel, Dean Boyer, Esq., via electronic mail (**nboyer@abramslaw.com**) of the default. If Defendants do not cure the defect within ten (10) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

c.  In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiff for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

d.  Should the Confessions of Judgment be entered under this section, Defendants shall be jointly and severally liable for the amount set forth in the Confessions of Judgment.

e.  Upon payment of the entire Settlement Funds outlined in Paragraph 1, Plaintiff shall return the Confessions of Judgment to Defendants' counsel.

3.  **Stipulation of Dismissal**

The Plaintiff shall file a stipulation of dismissal with prejudice as to all claims brought in this action within five (5) days of Plaintiff's counsel's receipt of the first installment due in Paragraph 1(a)(i). Notwithstanding the filing of the Stipulation of Dismissal, the parties agree that this Court, the United States District Court, Eastern District of New York, will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

### 4. **Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought, or which could have been brought, under the Complaint (**Docket No.: 22-CV-5405**) by Plaintiff against Defendants, including claims for wages, liquidated damages, statutory penalties and attorneys' fees and without admission that Plaintiff has established that any such claims have any merit or that Plaintiff has incurred any damages, shall be deemed settled, satisfied and resolved.

### 5. **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiff expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiff employment and separation thereof.

### 6. **Representations**

Plaintiff understands and agrees that he has been advised to consult with an attorney before signing this Agreement.

### 7. **Release**

In consideration of the payments to be provided by Defendants as described in the Agreement, Plaintiff, for himself, his heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, Defendants, Defendants' corporations, their respective current and former officers, owners, directors, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, attorneys, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in this action, specifically including Fair Labor Standards Act (the "FLSA") and New York Labor Law ("NYLL"), and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage notice or wage statements, or based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) relating to or arising out of wages, hours, overtime, or wage deductions, (b) arising under or for alleged violations of the Fair Labor Standards Act and/or the New York Labor Law, (c) arising under any actual or alleged express or implied contract, or under any common law in regard to work hours, overtime, and/or payment of wages, and (d) any and all labor and employment-related liabilities, debts, claims and causes of action arising out of the claims and/or facts at issue in this action or by reason of Plaintiff's employment with Defendants. This release and waiver includes any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby which Plaintiff ever had or now has against the Defendants.

Plaintiff shall hold Defendants harmless from and indemnify Defendants from any loss, claim or demand by any taxing authority or other entity for any taxes, penalties or interest asserted to be due and owing by Defendants with respect to the payments made to Plaintiff in accordance with this Agreement, including without limitation all costs and attorneys' fees that may be incurred by Defendants, by reason of any such loss, claim or demand.

### 8.    Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation.  Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 9.    Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to Plaintiff' employment with Defendants.  This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 10.    Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 11.    Effective Date

This Agreement and Release shall become effective immediately upon Court approval.

### 12.    Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

4

**PLAINTIFF:**

JOSE EFRAIN MENDOZA

Date: 05 - 03 - 2023

**DEFENDANTS:**

SEATIDE FISH & LOBSTER, INC.

PAUL OLIVERI, Agent Authorized to sign on behalf of SEATIDE FISH & LOBSTER, INC.

Date: 5/V/22

PAUL OLIVERI, as an individual

Date: 5/8/22

5